IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROY VINKEMEIER, <br><br> Plaintiff, <br><br> vs. <br><br> JACO FINANCIAL LLC, <br> JACK AUGSBACH, <br> TRINITY ASSET SERVICES a/k/a <br>     TRINITY ASSET SERVICES. COM., <br> JUROJIN INCORPORATED and <br> MARSHALL KLEIN, <br><br> Defendants. <br><br> And <br><br> BROWN BROTHERS HARRIMAN and <br> BROWN BROTHERS HARRIMAN TRUST <br>     COMPANY, N.A., <br><br> Relief Defendants. | Case No.: <br> 13 CV 5934 <br><br> ORDER TO SHOW CAUSE <br> FOR PRELIMINARY <br> INJUNCTION, TEMPORARY <br> RESTRAINING ORDER <br> ASSET FREEZE AND <br> FOR AN ORDER GRANTING <br> LEAVE FOR SUBSTITUTED <br> SERVICE THROUGH RELIEF <br> DEFENDANTS <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: 9/4/13 |

Upon the Declarations of Roy Vinkemeier and Howard Richard, sworn to the 20th day of August, 2013, and upon the copies of the Plaintiff's Complaint and Memorandum of Law in Support of Plaintiff's Application For a Temporary Restraining Order or Preliminary Injunction and freeze of assets held at Relief Defendants BROWN BROTHERS HARRIMAN and BROWN BROTHERS HARRIMAN TRUST COMPANY, N.A., together with Plaintiff's request for an order granting leave to make substituted service through Relief Defendants, it is

**ORDERED**, that the above named Defendants, JACO FINANCIAL LLC ("JACO"), JACK AUGSBACH ("AUGSBACH"), TRINITY ASSET SERVICES a/k/a TRINITY ASSET SERVICES.COM ("TRINITY"), MARSHALL KLEIN ("KLEIN"), and JUROJIN INCORPORATED ("JUROJIN"), show cause before a motion term of this Court, at Room_____,

United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on _____, _____, 2013, at _____ o'clock in the _____ noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure:

(1) Enjoining the Defendants during the pendency of this action from violating the Civil RICO Act, 18 U.S.C. Section 1961 *et. seq.*, Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5, 18 U.S.C. 1343, and 18 U.S.C. 1341 [ 15 U.S.C. § 78 j(b) ] and Rule 10(b)(5) [ 17 C.F.R. § 240.10b-5];

(2) Freezing the all securities, trading and money accounts, currently held by the Relief Defendants BROWN in the name of any Defendant;

(3) Ordering the Defendants to show cause why they should not be permanently enjoined from committing future violations of the aforesaid Civil RICO and securities laws described above;

(4) Providing expedited discovery from Defendants and Relief Defendants BROWN;

(5) Preventing destruction of evidence by Defendants and Relief Defendants;

(6) Preventing document alteration or destruction by Defendants and Relief Defendants;

(7) Directing Relief Defendants, BROWN, to report to the Court fully identifying the Defendants principal members and agents, their contact information including mailing addresses, telephone numbers and email addresses, and further accounting for the securities and monetary transactions in the Defendants' accounts as set forth in the Plaintiff's Complaint; and

(8) Authorizing alternative means of service through the Relief Defendants, BROWN, over the Defendants, TRINITY, KLEIN and JUROJIN.

ORDERED that, sufficient reason having been shown therefor, pending the hearing on Plaintiff's application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., the Defendants and Relief Defendants, their officers, directors, subsidiaries, the agents, servants, employees, attorneys, successors-in-interest, and those person in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoining during the pendency of this action from:

(1) violating the Civil RICO Act, 18 U.S.C. Section 1961 *et. seq.*, Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5, 18 U.S.C. 1343, and 18 U.S.C. 1341 [ 15 U.S.C. § 78 j(b) ] and Rule 10(b)(5) [17 C.F.R. § 240.10b-5];

(2) disposing, transferring, pledging, encumbering, assigning, dissipating, concealing, or otherwise hypothecating whatsoever, by themselves or any person or entity under their direct or indirect control, any **Gatekeeper USA stock (GTKP)** currently held under any of the Defendants', their affiliates, successors-in-interest, of co-members' accounts, or any of the Defendants' funds or other assets currently held by them at the Relief Defendants', or which are under their control or over which they exercise actual or apparent investment or other authority, it whatever form such funds or other assets may currently exist and that wherever located;

(3) Freezing the all securities, trading and money accounts, currently held by the Relief Defendants BROWN in the name of any Defendant; and it is

ORDERED that, sufficient reason having been shown therefor, pending the hearing on Plaintiff's application for a preliminary injunction, pursuant to Rule 65 of the Fed. R. Civ.

~~P., Relief Defendants are hereby directed to freeze and hold without allowing trading any Gatekeeper USA stock (GTKP) currently held under any of the Defendants', their affiliates, successors-in-interest, of co-members' accounts, or any of the Defendants' funds or other assets currently held by them at the Relief Defendants'; and it is~~

~~ORDERED that Plaintiff is not required to post security; and is further~~

**ORDERED** that service by hand delivery or overnight Federal Express delivery of a copy of this Order, the Complaint, the Memorandum of Law in Support and Declarations, upon the Defendants, JACO FINANCIAL LLC, JACK AUGSBACH, and JUROJIN, INC., and Relief Defendants,

BROWN BROTHERS HARRIMAN and BROWN BROTHERS HARRIMAN TRUST COMPANY, N.A., or their counsel on or before ~~August~~ September ____, 2013 shall be deemed good and sufficient service thereof; and is further

**ORDERED** that service by hand delivery or overnight Federal Express delivery upon the Defendants, MARSHAL KLEIN and TRINITY ASSET SERVICES a/k/a *trinityassetservices.com*, by the Relief Defendants, BROWN BROTHERS HARRIMAN and BROWN BROTHERS HARRIMAN TRUST COMPANY, N.A., to the extent that Relief Defendants possess viable client contact information for these Defendants, on or before ~~August~~ September ____, 2013 shall be deemed good and sufficient service thereof.

Dated: New York, New York
~~August ____, 2013~~

ISSUED: 4 September 2013

_____
Victor Marrero
United States District Judge