**EXHIBIT "B"**

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROY VINKEMEIER, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | Case No.: |
| JACO FINANCIAL LLC, : | |
| JACK AUGSBACH, : | |
| TRINITY ASSET SERVICES a/k/a : | |
|     TRINITY ASSET SERVICES. COM., : | |
| JUROJIN INCORPORATED and : | |
| MARSHALL KLEIN, : | **DECLARATION IN** |
| : | **SUPPORT OF** |
| Defendants. : | **ORDER TO SHOW CAUSE** |
| : | |
| And : | |
| : | |
| BROWN BROTHERS HARRIMAN and : | |
| BROWN BROTHERS HARRIMAN TRUST : | |
|     COMPANY, N.A., : | |
| : | |
| Relief Defendants. : | |

ROY VINKENMEIER, of the age of majority, pursuant to 28 U.S.C. § 1746, hereby states and declares under penalty of perjury as follows:

1.     I am the Plaintiff in this action.  I have read the Complaint and confirm that the facts set forth therein are true and correct.

2.     On or about October 28, 2012, I was defrauded by the fraudulent scheme/enterprise of the Defendants and thereafter bilked out of approximately 600,000 shares of Gatekeeper USA stock valued at the time at $750,000 (hereinafter "my Gatekeeper stock").

3.     The Defendants, JACO, AUGSBACH, KLEIN, TRINITY and JUROJIN, illegally possess and have hypothecated my Gatekeeper stock through at least June 2013 for their own pecuniary benefit.

4.     Commencing on or about October 28, 2012, the Defendant, AUGSBACH, through his company, JACO, held themselves out on websites on the internet to me as well as other people I know as sophisticated and qualified "financial advisors".

5.     I made contact with AUGSBACK and thereafter AUGSBACH, on behalf of JACO, represented to me that they could obtain financing for Gatekeeper USA.  Thereafter I was introduced telephonically to Defendant KLEIN by AUGSBACH and KLEIN reiterated that AUGSBACH and JACO coulod and would obtain financing for Gatekeeper USA.

6.     From October 28, 2012 through December 3, 2012, Defendants, AUGSBACK and KLEIN made numerous representations to me regarding the proposed financing such as:

    a.     AUGSBACH initially called many times a day, stating to me that he and JACO loved the Gatekeeper company, that AUGSBACH and JACO could provide corporate financing for the company Gatekeeper in the millions of dollars;

    b.     AUGSBACH falsely stated to me that he and JACO would facilitate me and Gatekeeper in obtaining loans and financing to get Gatekeeper on the bulletin boards and trading publicly and would support the Gatekeeper company for purposes of the Dow Jones report;

    c.     AUGSBACH falsely stated to me that he and JACO would obtain for me and Gatekeeper financing in the amount of $300,000 for a term of one year in consideration for 20,000 shares stock the 40,000 shares to be paid to JACO upon the completion of the loan;

    d.     AUGSBACH and KLEIN thereafter falsely stated to me that they and the companies JACO and TRINITY would obtain for me and Gatekeeper the financing if I would transfer 600,000 shares of my Gatekeeper stock to JACO as "collateral";

  e. I know now that all these statements were false when made to the me by the Defendants AUGSBACH, KLEIN and JACO and were falsely made solely to induce me to transfer possession of my 600,000 shares of Gatekeeper stock to JACO in order that it could be converted and hypothecated by the Defendants as sated in my Complaint in this case.

  f. Subsequently after I did transfer my 600,000 shares of Gatekeeper stock to AUGSBACH and JACO, AUGSBACH, JACO, KLEIN and TRINITY began trading and hypothecating my Gatekeeper stock, did not ever support any loan or financing application on behalf of me or Gatekeeper, but earned money from these trades for their own secreted benefit and gain.

7. Defendants, AUGSBACH and JACO, also falsely represented to me that they, as my "financial advisors", would hold my Gatekeeper stock in safekeeping for my benefit as collateral against the proposed loan which I was seeking on behalf of Gatekeeper and to secure future payment to AUGSBACH and JACO for the preparation of the loan documents and contract.

8. Relying on the Defendants' fraudulent misrepresentations , I was induced by Defendants, AUGSBACH, JACO, and KLEIN to sign over to 600,000 shares of my Gatekeeper stock which I did on December 3, 2012.

9. I have subsequently learned that immediately upon receiving the signed stock certificates from me, Defendants AUGSBACH and JACO, together with KLEIN,  arranged to have the stock credited to their own brokerage accounts located at Defendant, TRINITY ASSET SERVICES (hereinafter "TRINITY").

10. When AUGSBACH, JACO and KLEIN introduced me to TRINITY it was touted by them as a reputable financial brokerage.  In fact, I have learned that TRINITY is an offshore online

brokerage that purports to be a Bahamian corporation and purports to have offices in Costa Rica. Its website, *trinityassetservices.com* is accessed only through passcodes and logins and is listed as operating out of Costa Rica with an intentionally obfuscated website administration operating out of France.

11.     I also know now that TRINITY's Internet traffic data and records indicates that nearly 100% of the traffic is from the United States and concerns similar share transfers and purported "brokerage services".

12.     In addition, although TRINITY purports to be operating out of Costa Rica and its employees provide Costa Rican telephone numbers, TRINITY also provides "toll-free" numbers that are intended to be free from the US but which, in reality, cannot actually be called from outside the U.S.

13.     O my knowledge Defendant KLEIN has designed and intentionally operates TRINITY in this manner, in furtherance of the fraudulent scheme and enterprise, as well as to avoid the reach of the U.S. securities law enforcement.

14.     Upon information and belief, it appears to me that KLEIN and TRINITY, working with and instructing AUGSBACH and JACO, had TRINITY combine all of the Plaintiff's Gatekeeper stock certificates into one single certificate which was thereafter transferred again into the name of Defendant, JUROJIN, a Panamanian company as set forth above.

15.     My colleague Howard Richards has discovered that transfer agent records confirm the aforesaid transfers and movements of my Gatekeeper stock certificates.  See the accompanying Declaration of Howards D. Richards.

16.     Once transferred to JUROJIN, we have discovered that legal possession of my Gatekeeper stock was subsequently transferred to the RELIEF DEFENDANTs, BROWN, located at 140

Broadway New York New York, into a JUROJIN brokerage account.

17.     Immediately after the transfer to BROWN, my Gatekeeper stock appeared on the books of BROWN as confirmed weekly by the Depository Trust Corporation ("DTC").

18.     These BROWN DTC confirmations correspond directly in the private accounts of AUGSBACH, JACO and KLEIN as seen in the TRINITY online accounts for these Defendants.

19.     The fraud and the conversion of my Gatekeeper stock enabled Defendants, AUGSBACH, JACO, and KLEIN, to liquidate my Gatekeeper stock, transfer those shares freely to any third party with an account also held at TRINITY.

20.     Likewise, the Defendants, AUGSBACH, JACO, and KLEIN, then liquidated the shares and wire transferred funds to themselves and third parties.

21.      Immediately after the TRINTY accounts were obtained by the fraudsters and BROWN received transfer of my fraudulently procured Gatekeeper stock, the Defendants, AUGSBACH, JACO, and KLEIN, immediately commenced liquidating my Gatekeeper shares and collected and distributed the fraudulent proceeds among themselves.

22.     On January 29, 2013 and March 12, 2013, demanded the return of my Gatekeeper stock from AUGSBACH and JACO.

23.     Immediately after I made the first demand, on February 2, 2013 Defendant KLEIN transferred 160,000 shares of my Gatekeeper stock from his personal account at TRINITY to JACO's account at TRINITY.

24.     My remaining shares of the fraudulently acquired/transferred Gatekeeper USA stock, as well as the proceeds of the sale of that fraudulently acquired stock (the Defendants' ill-gotten proceeds) are currently held in New York accounts of the Relief Defendants, BROWN, titled in the name of Defendant, JUROJIN.

WHEREFORE, I respectfully request that the Plaintiff's Motions be granted in their entirety.

Dated:  August 20, 2013

>  */s/ Roy Vinkenmeier*
>  ROY VINKENMEIER