UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ROY VINKEMEIER,                                             :
                                                            :
                             Plaintiff,                     :
                                                            :         13-CV-5934 (VSB) (KNF)
              -v-                                           :
                                                            :         **OPINION & ORDER**
JACO FINANCIAL LLC, et al.,                                 :
                                                            :
                             Defendants,                    :
                                                            :
              and                                           :
                                                            :
BROWN BROTHERS HARRIMAN and                                 :
BROWN BROTHERS HARRIMAN TRUST                               :
COMPANY, N.A.,                                              :
                                                            :
                             Relief Defendants.             :
                                                            :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/5/2018

Appearances

Paul William Verner
Verner Simon P.C.
New York, New York
*Counsel for Plaintiff*

Tai H. Park
Kathleen E. Gardner
Park Jensen Bennett LLP
New York, New York
*Counsel for Relief Defendants*

VERNON S. BRODERICK, United States District Judge:

Plaintiff Roy Vinkemeier brings this action pursuant to (1) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; (2) Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10(b)(5), 17 C.F.R. § 240.10b-5; (3) "State Securities Laws . . . including but not limited [to] New York, Florida, and California";

and (4) common law fraud. On September 18, 2015, I entered a default judgment against Defendants Jaco Financial LLC, Trinity Asset Services a/k/a TrinityAssertServices,com., and Jurojin Incorporated, and referred the case to a magistrate judge "for an inquest on damages, reimbursable attorneys' fees under the applicable statutes asserted in the Complaint, and statutory costs." (Doc. 86.) Before me is the February 22, 2017 Report and Recommendation of Magistrate Judge Kevin N. Fox, which recommends that no damages be awarded to Plaintiff. (Doc. 93 (the "Report").)

## I. Factual Background and Procedural History

Magistrate Judge Fox issued the Report on February 22, 2017. (Doc. 93.) On March 8, 2017, Plaintiff requested an extension of time to file objections and/or to resubmit proofs in support of judgment by inquest on default, and also requested leave to waive objections and submit a supplemental expert opinion on valuation/damages. (Doc. 95.) On March 17, 2017, I granted Plaintiff's request for an extension of time, but denied Plaintiff's request for leave to waive objections and submit a supplemental expert opinion, as well as his request for leave to file other additional proofs and arguments. (Doc. 97.) On March 30, 2017, Plaintiff filed his objection to the Report. (Doc. 99.)

## II. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party submits a timely, specific objection, a district court reviews de novo the parts of the report and recommendation to which the party objected. *Id.*; *see also* Fed. R. Civ. P. 72(b)(3). With regard to a report and recommendation that is not objected to, or the unobjected-to portions of a report and recommendation, a district court reviews the report and recommendation, or the unobjected-

to portion thereof, for clear error. *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). Further, when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. *See Pearson–Fraser v. Bell Atl.*, No. 01 Civ. 2343(WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003). "Even where exercising de novo review, a district court 'need not . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety.'" *Bush v. Colvin*, No. 15 Civ. 2062 (LGS) (DF), 2017 WL 1493689, at *4 (S.D.N.Y. Apr. 26, 2017) (quoting *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order)).

## III. Discussion

Here, Plaintiff directly objects only to the portions of the Report addressing the declaration of Howard Richards, Plaintiff's expert on damages. (*See* Objections 1.)[1] Specifically, Plaintiff contends that (1) Magistrate Judge Fox erred in determining that Richards was "rendered so incredible by virtue of the SEC's findings against him" that Richards' declaration here was "likewise incredible and unreliable," and (2) erred by misapprehending specific factual statements made by Richards concerning the price of the Gatekeeper stock on certain relevant dates. (*Id.*) In criticizing Magistrate Judge Fox's findings, Plaintiff maintains that Magistrate Judge Fox (1) should not have placed evidentiary value on the SEC Consent Order or accepted it as evidence, (2) should have held an evidentiary hearing for Plaintiff to submit supplemental proofs once the credibility of Richards was raised as an issue, and (3) should not have relied on the SEC Consent Order and, to the extent Magistrate Judge Fox made

---

[1] "Objections" refers to the Objections to Magistrate Judge's Report and Recommendation. (Doc. 99.)

determinations independent of the SEC Consent Order when holding that Richards' declaration was vague and uncorroborated, erred in so finding given that the calculations were based on publicly available information. (*Id.* at 9–11.) Strangely, Plaintiff also argues that, because the SEC accused Richards of propping up the price of Gatekeeper stock, Magistrate Judge Fox further erred to the extent he disregarded Richards' declaration submitted in support of Plaintiff's damages claim because Plaintiff sustained damages regardless of Richards' actions. Plaintiff then illogically claims that Plaintiff's damages would have been higher had Richards not fraudulently propped up the stock price. (*Id.* at 11.) Finally, aside from his objections to the portion of the Report addressing Richards' declaration, Plaintiff states that Magistrate Judge Fox also erred when he denied damages for common law fraud based on Plaintiff's failure to specify which state his fraud count arose in, and when he denied Plaintiff's request that attorney's fees be submitted after a consequential damages award was determined. (*Id.* at 12.)

In connection with Plaintiff's objections to the Report's findings with regard to Richards' declaration, I note that Magistrate Judge Fox's opinion referencing Richards was only made assuming that Plaintiff had articulated a legal basis for ascertaining damages, which Magistrate Judge Fox found Plaintiff failed to do. With respect to the findings related to the legal basis for damages, excluding those as to common law fraud, I review the Report for clear error and find none. With respect to attorney's fees, Plaintiff did not object to the portion of the Report finding that because Plaintiff sought to present attorney's fees under the RICO statutes, and recovery of damages under the civil RICO Act was barred, the attorney's fees award based on that statute was also barred. (*See id.* 9, 12.) As Magistrate Judge Fox's findings as to attorney's fees can be made on that basis alone, I review that portion of the Report for clear error and find none. Additionally, in connection with the Report's conclusion as to common law fraud, I agree with

4

Magistrate Judge Fox that Plaintiff did not identify the legal basis upon which to ascertain damages.  (*See* Report 8.)

Magistrate Judge Fox's opinion can be adopted on these grounds alone.  However, because the majority of Plaintiff's Objections focused on the Report's alternative findings as to Richards' Declaration, I also review that portion of the Report here *de novo* and find that Magistrate Judge Fox's opinion is a well-reasoned and sound analysis of Richards' declaration.  Magistrate Judge Fox's determination that Richards was not a reliable expert was appropriate in light of Richards' manipulation of Gatekeeper stock.

### IV. Conclusion

For the foregoing reasons, I hereby ADOPT Magistrate Judge Fox's Report and Recommendation in its entirety.  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: October 5, 2018
New York, New York

*[Signature]*
Vernon S. Broderick
United States District Judge